IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARNETTA SWIFT, | |
| Plaintiff, | 8:16CV67 |
| v. | |
| MIKKI JERABEK, JUDGE HUBER, FOXALL, DUNNING SHERIFF, and JUDGE BAZIS, in their individual and official capacities, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff, a non-prisoner[1], has been given leave to proceed in forma pauperis. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that she was "illegally arrested upon [a] bogus warrant"; she posted a $1,500 bond "per [J]udge [M]cdermott," but is still being held in jail; she told Judge McDermott that she wanted to proceed pro se, but the judge appointed a public defender over Plaintiff's objection; at a hearing before Judge Bazis, Plaintiff's counsel, Mikki Jerabek, erroneously and without evidence told the judge that Plaintiff was still being held in jail because she "has a hold"; and that Judge Huber issued an illegal order in a county district court case. (Filing No. 1.)

---

[1]Plaintiff was a prisoner when she filed this case (Filing No. 6), but has since filed a change of address with the court indicating that she is no longer a prisoner. (Filing No. 16.)

Plaintiff has identified Mikki Jerabek, Judge Huber, Foxall, "Dunning Sheriff," and Judge Bazis as defendants, from whom she requests $50 million in damages and against whom Plaintiff seeks an injunction barring her further detention and allowing Plaintiff to represent herself. (Filing No. 1.) Defendants have been sued in their official and individual capacities.

Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 9) asking for an order that the defendants stop "fucking with our case or otherwise misrepresenting our case or attempting to represent us sans our wish." (Filing No. 9.) The motion complains about a Judge Coffey continuing to hold Plaintiff without bail and denying her motion to represent herself. Plaintiff further requests a hearing on her Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 14.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

First, Plaintiff does not indicate how defendants Foxall and "Dunning Sheriff" were personally involved in the events described in the Complaint. Rather, these defendants' names only appear in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

With respect to defendant Mikki Jerabek, who was Plaintiff's alleged counsel in the proceedings to which Plaintiff objects, Plaintiff seems to allege that Jerabek provided her ineffective assistance of counsel. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law as required for a § 1983 action. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if the individual conspires with a state actor to deprive a person of his constitutional rights. *Id.* Here, Plaintiff does not allege that Jerabek is a state actor or that Jerabek conspired with state actors to deprive Plaintiff of her constitutional rights. Therefore, Plaintiff has failed to state a claim against Jerabek.

3

As to the judicial defendants, Plaintiff alleges that Judge Huber issued an illegal order in a county district court case without "hearing or examination," and that Judge Bazis presided over a criminal matter involving Plaintiff at which defendant-lawyer Jerabek erroneously told Bazis that Plaintiff was being held in jail because she "has a hold." Insofar as Plaintiff is asserting "official capacity" claims against Judges Huber and Bazis, the claims are precluded by the *Rooker-Feldman* doctrine. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In order for Plaintiff to properly challenge the defendant judges' state-court orders, she must seek the appropriate state remedies.

Plaintiff's claims against the defendant judges in their individual capacities are likewise barred. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff does not allege that Judges Huber and Bazis were doing anything other than performing traditional judicial functions. Plaintiffs' allegations are insufficient to establish a plausible claim that the judges' actions were outside the scope of normal judicial functions or that their actions were taken in complete absence of all jurisdiction.

Out of an abundance of caution, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice.

IT IS ORDERED:

1. Plaintiff will have 30 days in which to file an amended complaint in accordance with this order. Failure to file an amended complaint within 30 days will result in the court dismissing this action without further notice.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 9) and for a hearing thereon (Filing No. 14) are denied.

3. The clerk of the court is directed to set the following pro se case management deadline: July 8, 2016: check for amended complaint; dismiss if none filed.

DATED this 8th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge